**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                                     **Case No. 14-C-195**
                                                     **(Criminal Case No. 88-Cr-130)**

**RAYMOND BRUCE BELTON,**

    Movant.

---

## DECISION AND ORDER

---

Pro se Movant Raymond Bruce Belton ("Belton"), convicted more than two decades ago, has filed a motion for relief pursuant to § 2255. Belton has sought judicial review of his conviction and sentence numerous times in various forums. In November 1989 the Seventh Circuit Court of Appeals affirmed Belton's conviction on direct appeal. *United States v. Belton,* 890 F.2d 9, 11 (7th Cir. 1989). Subsequently, in an unpublished disposition, the Court of Appeals affirmed the denial of Belton's § 2255 motion for relief. *United States v. Belton,* No. 90-3090, 958 F.2d 374 (7th Cir. June 1, 1992) (Table). Since that time Belton has filed a number of motions, some of which were successive § 2255 motions requiring approval and Belton was advised of the proper procedure for such motions. *See e.g. United States v. Belton,* No 88-Cr-130, Decision and Order, (E.D. Wis. June 10, 2011). (ECF No. 165.)

Belton's current § 2255 motion is based upon the Supreme Court's June 20, 2013, decision in *Descamps v. United States,* ___ U.S. ___, 133 S.Ct. 2276 (2013),

which re-affirmed two earlier Supreme Court decisions establishing the rules for determining when a defendant's prior conviction qualifies as a predicate offense for purposes of sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924. *See id.* at 2283-84 (discussing the "categorical approach" and the "modified categorical approach" outlined in *Taylor v. United States,* 495 U.S. 575 (1990), and *Shepard v. United States,* 544 U.S. 13 (2005)). Specifically, the Supreme Court determined that the modified categorical approach did not apply to predicate offenses under California's generic burglary statute, because it is "nondivisible." *Id.* at 2285-86.

Belton's motion is a second or successive motion for relief which requires prior application for approval by a court of appeals before it may be filed in this District. Section 2255(h) bars second or successive motions unless the appropriate court of appeals certifies that such a motion contains newly discovered evidence or involves a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h)(1)-(2). As stated in *Suggs v. United States,* 705 F.3d 279, 281-82 (7th Cir. 2013):

> Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal. See 28 U.S.C. § 2255(a), (h). If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it. See 28 U.S.C. §§ 2244(a)-(b), 2255(h). The court of appeals may authorize a second or successive motion only if it presents either (1) newly discovered evidence that makes a clear and convincing showing of innocence or (2) a new rule of constitutional law made retroactive by the Supreme Court.

> 28 U.S.C. § 2255(h). Without authorization from the court
> of appeals, the district court has no jurisdiction to hear the
> petition.

(citation omitted).

Accordingly, this motion is dismissed for lack of jurisdiction. *Id*. *See also,* Rule 9 of the Rules Governing Section 2255 Cases For the United States District Courts. Circuit Rule 22.2 establishes procedures for the approval mechanism. *Id.* A copy of that rule is attached to this decision. Pursuant to *Suggs*, this Court dismisses the instant petition for lack of jurisdiction.

## Certificate of Appeal

In *Slack v. McDaniel*, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appeal] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, it is clear that Belton's § 2255 motion was filed as a second or successive § 2255 motion without prior certification by the court of appeals. That fact would not allow any

reasonable jurist to conclude that the Court has erred in dismissing the motion because it has no jurisdiction to entertain the case. Therefore, a certificate of appealability is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

This successive § 2255 action is **DISMISSED** for lack of jurisdiction;

The Court **DECLINES** to issue a certificate of appeal from this Order pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts; and

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2014.

                                                **BY THE COURT:**

                                                */s/ Rudolph T. Randa*
                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.